**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
                                    :
KENDRA BROWN, et al.,               :   CIVIL ACTION NO. 11-3125 (MLC)
                                    :
     Plaintiffs,                    :       O P I N I O N
                                    :
     v.                             :
                                    :
MARGO MESKIN, et al.,               :
                                    :
     Defendants.                    :
                                    :
```

**THE PLAINTIFF KENDRA BROWN** ("Brown"), who appears pro se in this action on behalf of herself and her two minor children ("Two Minor Children"), applies for in-forma-pauperis relief under 28 U.S.C. § ("Section") 1915 ("Application"). (Dkt. entry no. 1, Appl.) This Court, based upon Brown's financial situation, will (1) grant the Application, and (2) deem the Complaint to be filed. The Court may now (1) review the Complaint, and (2) dismiss it sua sponte if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). The Court will dismiss the Complaint, as it (1) fails to state a claim on which relief may be granted, and (2) seeks monetary relief against defendants who are immune from such relief.

**THE DEFENDANTS** are officials employed by the New Jersey Division of Youth and Family Services ("NJDYFS"). Brown brings this action ("Federal Action") pursuant to 42 U.S.C. § 1983,

alleging that the defendants violated her rights in a state proceeding ("State Proceeding") brought against her.  (See dkt. entry no. 1, Compl.)  The Court is able to discern that (1) Brown was found in the State Proceeding to have neglected her children, and (2) a judgment was entered therein.  (See id. at 1 (alleging Brown "lost rights to her children"); id. at 2 (alleging defendants "lie to the police by saying [her] children were in imminent danger / abondoned / neglected"); id. at 3 (alleging "[f]abrications continually provided to state court" in State Proceeding); id. at 5 (alleging Brown "has been violated in State family Superior Court involving federal rights that shall entitle her seek recovery / damage [sic] per child victims in the U.S. Federal Court"); see also id. at 2-4 (referring to "Dodd removal", which appears to be the emergency removal of a child from a home pursuant to N.J.S.A. § 9:6-8.29).)[1]

**BROWN** is attempting to avoid an order in the State Proceeding.  The proper way to do so is to seek review through the state appellate process, and then seek certiorari directly to the United States Supreme Court.  See D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923).

---

[1] Brown also has brought an action to recover damages for violations of her constitutional rights against the attorney representing her in the State Proceeding.  See Brown v. Bryant, No. 11-3124 (D.N.J.).

**THE ROOKER-FELDMAN DOCTRINE** prohibits adjudication of an action where the relief requested would require a federal court to either determine whether a state court's decision is wrong or void that decision, and thus would prevent a state court from enforcing its orders.  See McAllister v. Allegheny Cnty. Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005).  This Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate a decision in the State Proceeding.  See Gass v. DYFS Workers, 371 Fed.Appx. 315, 315-16 (3d Cir. 2010) (affirming judgment dismissing claim asserted against, among others, NJDYFS officials involved in bringing parental-rights-termination proceeding, as barred by Rooker-Feldman doctrine).

**THIS COURT** also must abstain from exercising jurisdiction, pursuant to the Younger abstention doctrine, when (1) a state court action is ongoing, (2) important state interests are implicated, and (3) there is an adequate opportunity to raise federal claims in state court.  See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971).  This Federal Action is thus barred because the State Proceeding can be viewed as being "ongoing for purposes of Younger Abstention", as (1) Brown "could have appealed the termination of [her] parental rights first to the Appellate Division and then to the New Jersey Supreme Court",

but "elected to forgo these appeals and instead file the instant federal claim", (2) the state has a substantial interest in parental rights proceedings, and (3) Brown had an opportunity to raise constitutional claims in the State Proceeding. McDaniels v. N.J. Div. of Youth & Fam. Servs., 144 Fed.Appx. 213, 214-16 (3d Cir. 2005) (affirming judgment dismissing claim of constitutional violations committed in parental-rights-termination proceeding).

**THE DEFENDANTS**, in their official capacities, also are not subject to liability here.  See Gass, 371 Fed.Appx. at 316 (affirming judgment dismissing claim asserted against, among others, NJDYFS officials, as plaintiff could not recover money damages against such officials).  The Court also can discern nothing in the Complaint showing that the defendants are not entitled to qualified immunity because they engaged in conduct that violated clearly established statutory or constitutional rights of which a reasonable person would have known, and thus finds that liability cannot attach to the defendants in their individual capacities.  See id.; see also Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

**THE COURT** notes that Brown cannot appear on behalf of the Two Minor Children as a non-attorney parent.  See Poole v. Marks, No. 11-2158, 2011 WL 3443636, at *3 n.11 (3d Cir. Aug. 8, 2011); Lazaridis v. Wehmer, 591 F.3d 666, 672 (3d Cir. 2010).  The Court, if not dismissing the Complaint for the abovementioned

4

reasons, would strike the allegations of the Complaint asserting claims on behalf of the Two Minor Children.

**THE COURT** will dismiss the Complaint for the aforementioned reasons.  The Court will issue an appropriate order and judgment.

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                 United States District Judge

Dated:    November 14, 2011